UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA M. NEJO,<br><br>                          Plaintiff,<br><br>     vs.<br><br><br>WILSHIRE CREDIT CORPORATION, et al.,<br><br>                          Defendants. | CASE NO. 09cv879 BEN (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND**<br>[Dkt. Nos. 26, 30 & 80] |

AND ALL RELATED CROSS-CLAIMS

_____

**INTRODUCTION**

Defendant Steel Mountain Capital I, LLC filed a First Amended Cross-Complaint against Plaintiff, Fidelity National Title Company, and anyone claiming an interest in Plaintiff's real property. In the pleading, Steel Mountain Capital alleges 16 claims for relief. The first claim for relief seeks a declaratory judgment regarding the rights and obligations between it and Ms. Nejo during the TILA rescission process. The remaining 15 claims seek various forms of equitable relief and assert claims arising under state law.

Presently before the Court is Plaintiff Nejo's motion to dismiss and her motion to strike the amended cross-complaint. Since the time that Plaintiff's motions were filed, Steel Mountain Capital has moved for leave to amend its cross-complaint to add a claim for misrepresentation. The amendment is apparently based upon recently received tax returns signed by Plaintiff which suggest that the mortgage was for a business purpose rather than for her personal residence. For the federal TILA claim the significance is substantial, since TILA's rescission provision applies only to mortgages for "property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. §1635(a).

## DISCUSSION

Leave to amend a complaint is to be freely given when justice requires, according to Federal Rule of Civil Procedure 15(a) and well-settled case law. Plaintiff notes that if the court granted Steel Mountain Capital leave to amend its cross-complaint, it would moot her pending motions to dismiss and to strike. Consequently, she raises several objections to Steel Mountain Capital's motion.

**1. Delay in Ruling on Plaintiff's Anti-SLAPP Motion**

Plaintiff argues that leave to amend would inevitably cause a substantial delay to ruling on her California law anti-SLAPP motion.[1] The delay, in turn, would undercut one purpose of an anti-SLAPP provision, that is to quickly relieve the chill to participation in matters of public significance.[2] Plaintiff argues that Steel Mountain Capital's cross-claim against her is in retaliation for her exercise of the First Amendment right to file a TILA lawsuit. To succeed on an anti-SLAPP motion, Plaintiff would have to show that her TILA suit qualifies as exercising her "right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." *Haight Ashbury Free Clinincs, Inc. v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1547 (2010).

---

[1] "SLAPP" stands for Strategic Lawsuits Against Public Participation. *See* California Code of Civil Procedure § 425.16.

[2] *See Simmons v. Allstate Insurance*, 92 Cal.App.4th 1068, 1073-74 (2001). Though a creature of state law, the Ninth Circuit has held that California's anti-SLAPP statute may be properly invoked in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001).

1       Without judging the motion, the Court notes that it has found no decisions (and Plaintiff
2  cites no decisions) holding that the filing of a TILA lawsuit qualifies for protection under Cal.
3  Civil Code §425.16(b) as a right to petition in connection with a public issue.  If a TILA lawsuit
4  does not qualify for SLAPP protection, then Plaintiff's anti-SLAPP motion would fail.  If her
5  motion is likely to fail, then delay in ruling on her motion would not create any prejudice.
6  Because the absence of case law casts doubt on the merit of her motion, this factor weighs in favor
7  of granting Steel Mountain Capital's motion for leave to amend.

8       **2. Other Undue Delay**

9       Plaintiff argues that permitting Steel Mountain Capital to amend would further delay her
10 motion to dismiss because she would have to examine the new cross-complaint and file a renewed
11 anti-SLAPP motion and reply.  This would cause delay, but only garden variety delay already
12 contemplated by Rule 15(a)'s liberal amendment policy.  This is not a case where amendment is
13 sought on the eve of trial.  In this case, the discovery cutoff is in November 2010, the motion
14 cutoff is in December 2010, and the Pre-Trial Conference is set to take place in March 2011.  This
15 factor weighs in favor of granting leave to amend.

16      **3. Bad Faith or Dilatory Motive**

17      Plaintiff speculates that the amendment is sought "to tie up Plaintiff's resources" and drive
18 up costs.  Without compelling evidence that the amendment is sought in bad faith or for the
19 purpose of delay, it appears that Steel Mountain Capital fairly seeks amendment occasioned by the
20 recent receipt of Plaintiff's tax returns.  This factor weighs in favor of granting leave to amend.

21      **4. Prejudice**

22      Lastly, Plaintiff opposes granting leave arguing that the time delay and additional costs
23 involved in responding to an amended pleading will cause her grave prejudice.  She argues that
24 Steel Mountain Capital already has a claim for intentional misrepresentation and could have raised
25 the negligent misrepresentation claim at the same time.  In response, Steel Mountain Capital points
26 to Plaintiff's explanation for the tax return business-purpose evidence.  Plaintiff now explains that
27 the incorrect treatment of the mortgage cost was simply the result of bad tax advice.  Perhaps so,
28

1 but the recent discovery justifies granting leave to amend to add the negligent misrepresentation
2 claim.

### 5. Futility of Amendment

Although Plaintiff does not argue futility of amendment, futility is a factor weighing against granting leave to amend. Here, the claim for relief which Steel Mountain Capital proposes to add is another state law claim. The current, amended cross-complaint alleges numerous state law claims but does not allege a basis for federal court jurisdiction – either supplemental jurisdiction or diversity jurisdiction. If diversity jurisdiction is lacking, this Court may decline to exercise supplemental jurisdiction where, as here, the state law claims substantially predominate over the federal claims. 28 U.S.C. §1367(c)(2); *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866 (2009).

### CONCLUSION

Having considered the above factors, Steel Mountain Capital's motion for leave to amend its first amended cross-complaint [dkt. no. 80] is granted. However, a second amended cross-complaint complying with F.R.C.P. 8(a) may be filed only if Plaintiff files a second-amended complaint and the second-amended complaint withstands any motions to dismiss.

Plaintiff's motion to dismiss Steel Mountain Capital's first amended cross-complaint [dkt. no. 26] and Plaintiff's Special Motion to Strike [dkt. no. 30] are denied without prejudice as moot.

IT IS SO ORDERED.

DATED: July 21, 2010

_____
Hon. Roger T. Benitez
United States District Judge

- 4 -