1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CARLA M. NEJO,

                                         Plaintiff,

        vs.

WILSHIRE CREDIT CORPORATION, et al.,

                                         Defendants.

AND ALL RELATED CROSS-CLAIMS

_____

CASE NO. 09cv879 BEN (JMA)

**ORDER GRANTING MOTION TO DISMISS**
[Dkt. No. 20]

## I. INTRODUCTION

        The joint motion to dismiss filed by defendants Wilshire Credit Corporation and Steel Mountain Capital I, LLC is now before the Court.  For the reasons discussed below, the motion is granted.  Plaintiff is granted leave to amend as to the federal claim.  The exercise of jurisdiction over the remaining state law claims is declined pursuant to 28 U.S.C. §1337 and the several state law claims are dismissed without prejudice.

## II.  MOTION TO DISMISS

        Under Federal Rule of Civil Procedure 12(b)(6) a motion to dismiss is meritorious if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will

uncover evidence of the matter. *Id*. at 556.  Applying that standard here, the Court finds that Plaintiff's complaint does not state a federal claim for relief against Wilshire Credit Corporation or Steel Mountain Capital I, LLC.

### III.  FEDERAL CLAIM – TILA

Plaintiff asserts a federal claim for relief seeking three remedies under the Truth in Lending Act or "TILA," 15 U.S.C. §1601 *et seq*.

**A.  Rescission**

Plaintiff claims she is entitled to rescind a real estate loan transaction she entered into for the refinance of a then-existing loan.  TILA grants a borrower the right of rescission when certain provisions of TILA are violated in the loan transaction.  15 U.S.C. §1635; *Jones v. E*Trade Mortg. Corp.*, 397 F.3d 810, 812 (9th Cir. 2005).  When a borrower is not told of the statutory three-day right to rescind, the period for rescission is extended to three years.  *Beach v. Ocwen Fed. Bank*, 423 U.S. 410, 412 (1998).

Where a borrower decides up to three years later to exercise her right to rescind a loan transaction, the lender must disgorge all of the interest paid and fees earned under the terms of the rescinded loan.  At the same time, the borrower must return the money borrowed.  As is the case here, the amount of money at stake may be substantial.  According to documents attached to the Amended Complaint, the original loan amount was $330,000.  Plaintiff paid $16,100 in loan origination finance charges and $20,079 in principal and interest payments in the months following.  As a result, rescission would require Plaintiff return $330,000 to the lender and the lender return $36,179 to Plaintiff.

The parties began this process in April 2009.  However, neither the Amended Complaint nor the exhibits attached indicate that Plaintiff has tendered or is prepared to tender the amount of the original loan proceeds.  What is evident is that Plaintiff offered to tender $288,821.59 in separate monthly payments of $1,550.46 at 5% annual interest – over 30 years.  *See* Exhibit "F" to Plaintiff's Amended Complaint; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents attached to complaint on motion to dismiss under Rule 12(b)(6)).

1    Defendants argue that a proper TILA claim for rescission must include an assertion that the

2    plaintiff has the ability to tender the loan proceeds.  Defendants also argue that Ms. Nejo's tender

3    of monthly payments over the next 30 years with interest at a unilaterally selected annual rate fails

4    to state a claim for relief under TILA.  This Court agrees.

5    Recent decisions agree that a plaintiff cannot state a claim for rescission under TILA

6    without at least *alleging* that he or she is capable of tendering the loan proceeds in the event he or

7    she prevails on the merits.  *See, e.g., Cruz v. Mortg. Lenders Network, USA,* slip op., Case No.

8    09cv1679 BEN (AJB) (S.D. Cal. Mar. 10, 2010) (dismissing TILA claim lacking allegation of

9    capability of tendering loan proceeds); *Greetis v. Nat'l. City Mortg.,* slip op., Case No. 09cv1502

10   JM (JMA), 2010 WL 695536, at *4-5 (S.D. Cal. Feb. 24, 2010) ("Plaintiff's failure to allege that

11   she is able to tender monies received from Defendants is fatal to her claim for rescission.");

12   *Quintero Family Trust v. OneWest Bank, F.S.B.*, slip op., Case No. 09cv1561 IEG (WVG), 2010

13   WL 392312, at * 4 (S.D. Cal. Jan. 27, 2010) (holding that plaintiffs must allege, consistent with

14   Rule 11, their ability to tender the loan proceeds, in order to state a claim for relief under TILA);

15   *Garza v. Am. Home Mortg.*, slip op., Case No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5

16   (E.D. Cal. Jan. 27, 2009) ("Rescission is an empty remedy without [the plaintiff's] ability to pay

17   back what she has received (less interest, finance charges, etc.)."); *but see Burrows v. Orchid*

18   *Island TRS, LLC*, slip op., Case No. 07cv1567 BEN (WMC), (S.D. Cal. Mar. 18, 2008) (denying

19   motion to dismiss in spite of lack of tender where violations of TILA were serious and equities

20   weighed heavily in favor of the plaintiff borrower).

21   In the same vein, some courts faced with the question have concluded that tendering a

22   payment stream of 360 monthly payments over 30 years at an interest rate of the borrower's own

23   choosing does not satisfy the rescission tender requirements of §1635(b).  *Edelman v. Bank of Am.*

24   *Corp.*, slip op., Case No. SACV 09-309-CJC (MLGx), 2009 WL 1285858, at *2 (C.D. Cal. Apr.

25   17, 2009) ("Ms. Edelman argues that she has offered to pay the loan back in monthly installments

26   on more favorable terms, or by modifying her loans.  This is insufficient tender for purposes of

27   rescission."); *Nichols v. Greenpoint Mortg. Funding, Inc.*, slip op., Case No. SACV 08-750 DOC

28   (MLGx), 2008 WL 3891126, at *5 (C.D. Cal. Aug. 19, 2008) ("Rescission is not a means to create

highly favorable loan terms for the party seeking rescission.").  A few courts have weighed the equities and permitted the repayment over time of the amount borrowed.  *Avila v. Stearns Lending, Inc.*, slip op., Case No. CV 08-419-AG (CTx), 2008 WL 1378231, at *2 (C.D. Cal. Apr. 7, 2008) (given seriousness of the TILA violations alleged, court did not require borrower to demonstrate ability to pay lump sum upon rescission); *Mayfield v. Vanguard Sav. & Loan Ass'n*, 710 F. Supp. 143, 149 (E.D. Pa. 1989) (after finding for plaintiff, court ordered monthly payments in same amount as originally required under the loan terms to be paid to defendant lender to effect rescission).

Here, Plaintiff's Amended Complaint fails to allege that she can or will tender the entire loan proceeds in a lump sum.  In *Yamamoto*, the Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'"  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170-72 (9th Cir. 2003).  The Ninth Circuit reasoned as follows:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds.  If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Id.* at 1173 (emphasis in original).  The discretionary approach called for depends on the record adduced and consideration made on a case-by-case basis.  *Id.*

Here, it is not yet clear from the evidence whether Plaintiff holds the ability to repay the proceeds.[1]  In fact, she has made no allegation in the Amended Complaint that she is able to tender the loan amount, and instead has defaulted on the monthly payments called for under the loan and actually tendered only $1,550.  Moreover, Plaintiff's alleged TILA violation is not among the

---

[1]Defendants calculate the amount due at approximately $288,821.

1   more serious types of violations.  (Plaintiff alleges that the notices of the statutory right to rescind

2   within three days did not have dates filled in.)

3          Therefore, the Court finds that without an allegation of Plaintiff's ability to fully tender, the

4   Amended Complaint fails to state a claim for rescission relief under TILA.  Accordingly, the

5   rescission claim is dismissed without prejudice.  Plaintiff is granted leave to amend her complaint

6   to allege her ability to tender the entire loan amount (less payments made) – and subject to the

7   requirements of Rule 11(b) of the Federal Rules of Civil Procedure.  *La Grone v. Johnson*, 534

8   F.2d 1360, 1362 (9th Cir. 1976) ("We conclude, however, that the district court erred in not

9   conditioning rescission on the tender of the net amounts advanced by the Johnsons.").

10         In the event Plaintiff chooses to re-assert a right to rescission under §1635(b) of TILA in a

11  future complaint, she will be required to satisfy the Court that she is able to repay the loan

12  proceeds before the parties and the Court go through the expensive exercise of motion practice and

13  a trial on the merits.  *Yamamoto*, 329 F.3d at 1173 (court retained discretion to demand assurance

14  of ability of plaintiff to repay loan proceeds before going through the empty (and expensive)

15  exercise of a trial).

16         **B. Recoupment**

17         Plaintiff also attempts to state a claim for recoupment under §1640 of TILA.  Defendants

18  argue that recoupment is not an affirmative claim for relief but a defense which may be brought

19  only in a action by the lender to collect a debt.  In *Amaro v. Option One Mortg. Corp.*, slip op.,

20  Case No. EDCV 08-1498 VAP (AJWx), 2009 WL 103302, at *3 (C.D. Cal. Jan. 14, 2009),  a case

21  with virtually identical facts, the Court held the affirmative use of a TILA recoupment claim is

22  improper (when brought, as here, after the one-year statute of limitations).  The Court disagreed

23  with the borrower's contention that the late recoupment claim was permitted because it was

24  asserted in response to a non-judicial foreclosure proceeding.  It is the same argument that plaintiff

25  makes here.

26         This Court agrees with *Amaro* and finds that Plaintiff fails to state a claim for relief for

27  recoupment because the claim is being brought beyond the one-year statute of limitations period

28

1    and not as a defense to an action to collect the debt. *Id.; c.f. Ocwen*, 523 U.S. at 415-16.

2    Therefore, the motion to dismiss is granted and the claim dismissed, without leave to amend.

3        **C. Damages**

4        Plaintiff's "third count" under TILA seeks damages for Defendants' failure to comply with

5    the provisions of TILA and Regulation Z.  A TILA action for damages commences from the time

6    of the violation, *i.e.*, when the loan was issued or consummated, and is barred after one year.  15

7    U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  According to the

8    complaint, Plaintiff obtained a loan to refinance a mortgage on her condominium on June 20,

9    2007.  Plaintiffs filed this action more than one year later in April 2009.  Therefore, Plaintiff's

10    claim for TILA damages is barred by the statute of limitations.

11        Alternatively, if Plaintiff is seeking damages from the more recent alleged failure of the

12    Defendants to carry out obligations triggered by a TILA notice of rescission, then the claim for

13    damages must be dismissed because plaintiff has failed to state a predicate claim to entitlement to

14    federal TILA rescission relief.

15                        **IV.  STATE CLAIMS**

16        Where all federal claims are dismissed in an action containing both federal and state law

17    claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state

18    law claims.  28 U.S.C. §1367.  "With respect to supplemental jurisdiction in particular, a federal

19    court has subject-matter jurisdiction over specified state-law claims, which it may (or may not)

20    choose to exercise.  A district court's decision whether to exercise that jurisdiction after dismissing

21    every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v.*

22    *HIF BIO, Inc.*, 129 S.Ct. 1862, 1866 (2009) (citations omitted).

23        Section § 1367(c) provides:

24        The district courts may decline to exercise supplemental jurisdiction over a claim
         under subsection (a) if –

25            (1)  the claim raises a novel or complex issue of state law,

26            (2)  the claim substantially predominates over the claim or claims
             over which the district court has original jurisdiction,

27

28            (3)  the district court has dismissed all claims over which it has
             original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons
for declining jurisdiction.

According to § 1367(c)(3), when all of the federal claims are dismissed before trial, a federal court ordinarily should decline to exercise jurisdiction over supplemental state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("pendant jurisdiction is a doctrine of discretion, not of plaintiff's right....In the situation where the federal claims are dismissed before trial...the state claims should be dismissed as well."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988). The Ninth Circuit has consistently ruled that when federal claims are dismissed, it is within the court's discretion to dismiss the state law claims, and that in the usual case the state claims should be dismissed. *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213-14 (9th Cir. 1991); *see also Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002). Here, the federal claims are being dismissed well before trial. The complaint does not allege diversity jurisdiction and the Court declines to exercise supplemental jurisdiction over the remaining state claims pursuant to § 1367(c)(3). *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (no explanation required when declining jurisdiction under § 1367(c)(3)).

Moreover, even where federal claims are present, if state law claims predominate, a federal court may decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2). *United Mine Workers*, 383 U.S. at 726-27. In this case, even if the federal TILA claim remained, the four state law claims would predominate both in substance and in number. Plaintiff asserts state law claims to quiet title (second claim for relief), an accounting (third claim for relief), damages under the California Rosenthal Fair Debt Collection Practices Act (fourth claim for relief), and California's Business & Professions Code §17200 (fifth claim for relief). The federal TILA claim requires only a relatively straight forward analysis turning on disputed issues of documentation in the origin of a residential loan transaction taking place two years in the past. The state law claims, on the other hand, cover events from the time of the loan to the present and ranging in subjects from real property law to unfair business practices to unfair debt collection practices.

The state claims are wide-ranging and cover more time and events than the federal claim. The state law claims are more complex and will require more judicial resources to adjudicate than the single federal claim. Declining to exercise supplemental jurisdiction over the dominant state

1  claims at this early juncture is both fairer to the parties and a more efficient use of judicial

2  resources.  *Trs. of the Constr. Ind. v. Desert Valley Landscape & Maint.*, 333 F.3d 923, 926 (9th

3  Cir. 2003), *cert. denied sub nom.*, *Richardson Const. Ind. v. Trs.*, 540 U.S. 1017 (2003) (looking at

4  fairness and judicial efficiency); *Ove v. Gwinn*, 264 F.3d at 826; *Diven v. Amalgamated Transit*

5  *Union*, 38 F.3d 598, 602 (D.C. Cir. 1994) (relative weakness of federal claim and concomitant

6  primacy of state law issues justifies declining supplemental jurisdiction).  Therefore, using its

7  discretion, this Court declines to exercise or retain jurisdiction over the supplemental state law

8  claims.

9                                              **V.  CONCLUSION**

10         Defendants' Motion to Dismiss the federal TILA claim, is hereby granted.  Accordingly,

11  the TILA rescission claim is dismissed without prejudice.  Plaintiff is granted leave to file a

12  second amended complaint for rescission under TILA.  To do so, she must include an allegation

13  setting forth her ability to tender the entire loan amount (less payments made) and subject to the

14  requirements of Rule 11(b) of the Federal Rules of Civil Procedure.  In the event Plaintiff chooses

15  to re-assert a right to rescission under §1635(b) of TILA, she will be required to satisfy the Court

16  that she is able to repay the loan proceeds before the parties and the Court go through the

17  expensive exercise of motion practice and a trial on the merits.

18         The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims

19  and dismisses claims two, three, four, and five, without prejudice.

20         Plaintiff shall file a second amended complaint, if at all, within 14 days of the date of this

21  Order.

22         IT IS SO ORDERED.

23  DATED:  July 21, 2010

24  _____

25  Hon. Roger T. Benitez
    United States District Judge

26

27

28