# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA M. NEJO,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>WILSHIRE CREDIT CORPORATION, et al.,<br><br>　　　　　Defendants. | CASE NO. 09cv879 BEN (JMA)<br><br>**ORDER DISMISSING FEDERAL TRUTH IN LENDING ACT CLAIM WITH PREJUDICE**<br>[Dkt. No. 88] |

AND ALL RELATED CROSS-CLAIMS
_____

## I. INTRODUCTION

The motion to dismiss jointly filed by defendants Wilshire Credit Corporation and Steel Mountain Capital I, LLC is now before the Court. Previously, the Court dismissed without prejudice Plaintiff's federal Truth in Lending Act claim and declined to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1337. Plaintiff was given leave to file an amended complaint. She declined.

## II. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed *with prejudice* if the plaintiff fails to prosecute or fails to comply with a court order. Plaintiff's action has already been dismissed without prejudice. Defendants now move for a dismissal *with prejudice*. They argue that Plaintiff's decision to not file an amended complaint, when leave was granted, is a

failure to comply with a court order. The failure to comply, in turn, justifies a Rule 41(b) dismissal with prejudice. Plaintiff objects noting that the order granting leave was permissive. She was not ordered to file an amended complaint. In fact, the order conditioned the filing of any amended complaint on the inclusion of an allegation setting forth her ability to tender the entire loan amount and subject to the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

Defendants are correct that under Ninth Circuit precedent when a plaintiff fails to amend her complaint – after a dismissal with leave to amend – the dismissal is typically considered to be a failure to comply with a court order. *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). The circumstances in this case are not typical. As mentioned earlier, leave was given to amend, but amendment was not expected. Unlike the typical case, leave to amend was conditioned on the unique requirement that Plaintiff be able to carefully allege her ability to tender the entire amount of mortgage loan proceeds. Consequently, a Rule 41(b) dismissal would be unsupported. Plaintiff neither disobeyed a court order nor failed to prosecute her case.

On the other hand, Plaintiff does not oppose a dismissal with prejudice of her federal Truth in Lending Act claim for relief. She would like a final appealable order. This case is more analogous to the circumstance in *Omstead v. Dell, Inc.,* 594 F.3d 1081 (9th Cir. 2010). In *Omstead*, the plaintiffs wanted to appeal an interlocutory ruling, stalling the case. The trial court abused its discretion when it dismissed under Rule 41(b) for failure to prosecute. *Id.* at 1084. The court of appeals then pragmatically construed the erroneous Rule 41(b) dismissal as a permissible Rule 41(a)(2) voluntary dismissal with prejudice by the plaintiffs. *Id*. at 1085.

In this case, a Rule 41(b) dismissal would be unwarranted. However, the motion and Plaintiff's concession will be construed, instead, as a request by Plaintiff for a voluntary dismissal with prejudice under Rule 41(a)(2) of her federal Truth in Lending Act claim. That request is granted. *See Omstead*, 594 F.3d at 1085.

Finally, Steel Mountain Capital I, LLC requests an expungement order. The request is raised for the first time in its reply brief. It seeks an order expunging its own Notice of Termination of Deed of Trust Pursuant to TILA which it filed in the records of the county

1 recorder. It argues that the expungement order is necessary to return the parties to the status quo
2 ante. Plaintiff objects because the issue is raised for the first time in a reply brief. Plaintiff also
3 objects because the remedy is not available under Rule 41.

4 The court declines to order the requested expungement. Steel Mountain Capital I has
5 offered no authority for its request. Rule 41 of the Federal Rules of Civil Procedure does not list
6 expungement as a remedy. Moreover, there are no reported cases addressing the issue.
7 Therefore, the court declines to consider this issue of first impression raised for the first time in a
8 reply brief and it declines to order expungement.

### III. CONCLUSION

10 Defendants' motion to dismiss under Rule 41(b) is construed as a motion by Plaintiff under
11 Rule 41(a)(2) to dismiss her Truth in Lending Act claim with prejudice. That motion is granted.
12 Plaintiff's federal Truth in Lending Act claim for relief is dismissed with prejudice. Steel
13 Mountain Capital I's request to expunge is denied.

14 IT IS SO ORDERED.

15 DATED: September 20, 2010

17 Hon. Roger T. Benitez
United States District Judge